**E-Filed 7/19/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHARLES I. IKEKWERE, | Case Number C-04-00027-JF (PVT) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| SOUTHWALL TECHNOLOGIES, INC., | |
| Defendant. | [Doc. No. 45] |

Defendant Southwall Technologies, Inc. ("Southwall") moves for summary judgment or partial summary judgment of the claims asserted by Plaintiff Charles Ikekwere ("Ikekwere"). The Court has considered the moving and opposing papers as well as the oral arguments presented at the hearing on July 15, 2005. For the reasons discussed below, the motion will be granted in part and denied in part.

## I. BACKGROUND

Ikekwere filed this action against his former employer, Southwall, in the Santa Clara Superior Court on June 13, 2002. After demurrers were sustained as to the original and first amended complaints, Ikekwere filed a second amended complaint alleging discrimination and retaliation claims under California's Fair Employment and Housing Act ("FEHA") and a variety

of other state law tort claims.

Ikekwere's deposition was taken on December 17 and 30, 2003.  During that deposition Ikekwere testified, *inter alia*, that Southwall terminated him because he objected to falsifying insurance documents and reported such falsification to the insurance company, and because Southwall had a retaliatory desire to deprive Ikekwere and his family of medical benefits. Approximately one week after completing Ikekwere's deposition, Southwall removed the action to this Court on the basis that the Employee Retirement Income Security Act of 1974 ("ERISA") provides the sole remedy for Ikekwere's claims and his state law claims are preempted.

On May 19, 2004, this Court denied Ikekwere's motion for remand.  The Court concluded that any state law claims based upon Ikekwere's whistle blower activities are preempted and must be recharacterized as ERISA claims.  Order of 5/19/04 at 4.  The Court likewise concluded that Ikekwere's state law claims for discrimination and retaliation appeared to be preempted because Ikekwere testified that a primary purpose for his termination was to deny him and his family medical benefits.  *Id.*  On April 11, 2005, Ikekwere filed the operative third amended complaint ("TAC"), realleging a number of his state law claims under FEHA and common law and adding a claim under ERISA.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that

2

1   party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49;

2   *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

3                                **III. DISCUSSION**

4          Southwall asserts that all of Ikekwere's state law claims are preempted by ERISA and

5   that Ikekwere has waived any ERISA claims.

6   **A.     Preemption**

7          Ikekwere asserts the following claims under state law:  (1) a FEHA claim for

8   discrimination on the basis of race and color; (2) a FEHA claim for discrimination on the basis

9   national origin; (3) a FEHA claim for retaliation; (4) a FEHA claim for discrimination on the

10  basis of medical condition; (5) breach of the implied covenant of good faith and fair dealing; (6)

11  discrimination on the basis of race, color and national origin in violation of the California

12  constitution; and (7) fraud and deceit.

13         The Court previously has ruled that claims of retaliation based upon Ikekwere's whistle

14  blower activities are preempted by ERISA.  The Court also ruled that all of Ikekwere's

15  discrimination and retaliation claims appeared to be barred in light of his testimony that a

16  primary purpose of his termination was to deny him and his family medical benefits.  These

17  rulings were made in the context of Ikekwere's motion for remand.  Southwall now requests

18  summary judgment with respect to all of Ikekwere's state law claims on the ground that they are

19  preempted by ERISA.  Ikekwere asserts that although some of his testimony could be read to

20  make it appear that his claims are based *solely* upon grounds that would result in ERISA

21  preemption – namely, Southwall's retaliatory animus arising out of Ikekwere's whistle blowing

22  and Southwall's desire to deprive Ikekwere and his family of medical benefits – the bulk of his

23  claims are based upon other grounds entirely.  Specifically, Ikekwere asserts that Southwall's

24  conduct also was motivated by a discriminatory animus arising from Ikekwere's race, color,

25  national origin and medical condition.

26         The Court concludes that, fairly characterized, Ikekwere's allegations and testimony

27  present a mixed motive case.  Ikekwere did testify that Southwall's conduct was motivated by a

28  retaliatory animus arising out of his whistle blowing activities and by Southwall's desire to

                                        3

1  deprive him of benefits; however, he *also* testified that Southwall's conduct was motivated by a

2  discriminatory animus arising out of his race, color, national origin and medical condition.  Two

3  decisions that were not cited by either party provide guidance with respect to ERISA preemption

4  in a mixed motive situation.  In *Sorosky v. Burroughs*, 826 F.2d 794 (9th Cir. 1987), the plaintiff

5  filed an action in state court against his former employer, alleging *inter alia* that the employer

6  had breached a written contract to provide him monthly benefits.  The defendant removed to the

7  action to federal court on the ground of ERISA preemption and then moved for summary

8  judgment on the same ground.  The district court held that the plaintiff's state law claims were

9  preempted.  The Ninth Circuit reversed in part, holding that although the contract claim was

10 preempted to the extent that it referred to the benefit plan, the claim was *not* preempted to the

11 extent that it was based upon theories unrelated to the benefit plan, such as discharge without

12 good cause.  *Id.* at 800.

13        In *Schlenz v. United Airlines, Inc.*, 678 F.Supp. 230 (N.D. Cal. 1988), the plaintiff sued

14 her former employer for violations of ERISA and for wrongful discharge.  The employer sought

15 partial summary judgment of the wrongful discharge claim on the ground that it was preempted

16 by ERISA.  The district court denied the motion, citing *Sorosky* for the proposition that ERISA

17 does not preempt the entire claim in a mixed motive situation.  The court noted that Schlenz had

18 alleged three separate motives for the wrongful discharge:  (1) she was about to vest in the

19 pension plan; (2) she was a higher paid employee because of her seniority; and (3) she was soon

20 to be recalled to her former, and more highly paid maintenance planning analyst position.  The

21 court ruled that to the extent the plaintiff's claim was based upon the first of these motives,

22 ERISA was her only avenue of relief, but that to the extent that the claim was based upon the

23 latter two motives, which were wholly unrelated to the pension plan, there was no preemption.

24        Applying these decisions to the instant case, the Court concludes that to the extent that

25 Ikekwere's state law claims arise from Southwall's retaliation for Ikekwere's reporting of

26 insurance fraud and/or Southwall's desire to deprive Ikekwere and his family of benefits, the

27 claims are preempted.  However, to the extent that Ikekwere's state law claims arise from

28 Southwall's alleged discrimination based upon race, color, national origin or medical condition,

4

1  the claims are not preempted.  The Court recognizes that this ruling presents some practical

2  difficulties, because the same conduct by Southwall is attributed both to motives that bring it

3  within the scope of ERISA and to motives that do not.  However, the Court has made the ruling

4  as specific as possible given the above authorities and the current state of the record.

5  **B.    ERISA Claim**

6          The eighth claim of the TAC asserts violations of ERISA.  Southwall moves for summary

7  judgment of this claim on the ground that Ikekwere waived any claims under ERISA, pointing to

8  Ikekwere's prior statements that he had not alleged any claims under ERISA and expressly

9  waived such claims.  Ikekwere's statements were made in the context of his motion for remand;

10 he was attempting to assure the Court that he intended to pursue only state law claims and that to

11 the extent his allegations could give rise to claims under ERISA, he would waive any such claims

12 if the Court remanded the action to state court.  Once the Court ruled that ERISA provided the

13 exclusive avenue for relief as to at least some of his claims, Ikekwere predictably amended his

14 complaint to add a claim under ERISA.  Given the context and circumstances under which the

15 statements in question were made, the Court declines to construe those statements as a knowing

16 waiver of Ikekwere's rights under ERISA.

17                                **IV. ORDER**

18         Southwall's motion is GRANTED IN PART AND DENIED IN PART as discussed

19 above.

24 DATED:  7/19/05

25                                              /s/ electronic signature authorized

26                                              _____
                                               JEREMY FOGEL
27                                             United States District Judge

28

5

1    Copies of Order served on:

2

3
     Brian Lee Johnsrud bjohnsrud@morganlewis.com,
4    mriechert@morganlewis.com;mskaff@morganlewis.com

5    Curtis Gilbert Oler c.oler@worldnet.att.net,

6
     Melinda S. Riechert mriechert@morganlewis.com,
7    bjohnsrud@morganlewis.com;skaff@morganlewis.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-04-00027-JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT
(JFLC2)